IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 1, 2016

## JEANIE HOLSCLAW v. IVY HALL NURSING HOME, INC.

**Appeal from the Circuit Court for Carter County**
**No. C12784  Jean A. Stanley, Judge**
_____

**No. E2016-02178-COA-T10B-CV-FILED-DECEMBER 19, 2016**
_____

RICHARD H. DINKINS, J., concurring.

I concur in the opinion as authored by Judge Stafford and write separately to reiterate the conclusion that nothing in the record leads me to believe that the trial judge is biased or prejudiced for or against any party or that there was any improper motive in the court's contact with Dr. Mulkey.  As gatekeeper of the expert opinion evidence proffered at trial, the court has the responsibility under Tenn. R. Evid. 702 and 703 to determine whether the evidence "will substantially assist the trier of fact to understand the evidence or to determine a fact at issue and whether the facts and data underlying the evidence indicate a lack of trustworthiness." *McDaniel v. CSX Transp., Inc.*, 955 S.W.2d 257, 265 (Tenn. 1997).  The record fully supports the trial court's statement that the purpose of the call to Dr. Mulkey was to gain basic knowledge of the field of rehabilitation counseling, a discipline taught at the University of Tennessee.  My concern, and what leads me to conclude that recusal is appropriate in this case, is the limited and specific nature of the court's inquiry and how that inquiry could reasonably create the appearance of impropriety.

I see no problem for a court to gain general knowledge of rehabilitation counseling (or similar discipline) through a seminar, educational program, or like vehicle; indeed, judges, like lawyers, are required to participate in annual continuing legal education.  In communicating with Dr. Mulkey *ex parte*, and without the knowledge or consent of the parties, the court was not only denied the opportunity to create a record of the purpose for the call prior to it being made, but the parties were denied the opportunity to preserve an objection.  My concern is mitigated, but not abated, by the fact that Dr. Mulkey was not engaged an as expert witness by either party, but rather responded to the court's inquiry.

_____
RICHARD H. DINKINS, JUDGE